1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9             **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  | MARIA E. VALENTINO, | CASE NO. 09cv0006 JM(LSP) |

12  Plaintiff,          ORDER GRANTING MOTION TO
                        DISMISS; GRANTING LEAVE TO
13  vs.                 AMEND

14  UNITED STATES DEPARTMENT OF
    EDUCATION, EDUCATION SECRETARY
    ARNE DUNCAN; and NCO FINANCIAL
15  SYSTEMS, INC.,

16                      Defendants.

17

18          Defendants U.S. Department of Education and Secretary Arne Duncan
19  (collectively the "Secretary" or "Federal Defendants") move to dismiss all claims
20  asserted in Plaintiff Maria E. Valentino's First Amended Complaint ("FAC") for lack
21  of subject matter jurisdiction under Rule 12(b)(1) or, alternatively, to transfer the action
22  to the U.S. Court of Claims under Rule 12(b)(3).  Plaintiff, represented by pro bono
23  counsel, opposes the motions.  Pursuant to Local Rule 7.1(d)(1), this matter is
24  appropriate for decision without oral argument.  For the reasons set forth below, the
25  motion to dismiss the action for lack of subject matter jurisdiction is granted.  The court
26  also grants Plaintiff 15 days leave to amend from the date of entry of this order to file
27  a Second Amended Complaint.

28

**BACKGROUND**

The operative First Amended Complaint ("FAC"), filed on January 13, 2009, alleges four claims for breach of contract, accounting, declaratory relief, and temporary injunction.   In or around February 1989 Plaintiff entered into two different loan agreements.  Both loans, one for $4,000 and the other for $2,6850, were funded by Chemical Bank.  (FAC ¶7).  Upon graduation in June 1990, Plaintiff commenced repaying the loan.  (FAC ¶8.  She then obtained several deferments and resumed payments on both loans in February 1995.  Id.

Shortly after Plaintiff resumed her scheduled payments, Plaintiff received delinquency notices from Chemical Bank indicating that she allegedly failed to make the required payments. (SAC ¶9).  Plaintiff contacted Chemical Bank and was informed by a customer service representative that the matter would be investigated and that she would be provided with an accounting.  When Chemical Bank failed to investigate her claims and to provide an accounting, Plaintiff attempted to contact someone at the bank by leaving voice mail messages which were never returned.  (FAC ¶10).  Plaintiff did not make her August 1995 payment.  Id.

On August 25, 1995 Plaintiff received a notice from the Colorado Student Loan Program ("CSLP") informing Plaintiff that she was delinquent on one of her loans.  She spoke with a CSLP representative and was informed that the matter would be investigated and someone would get back to her.  (FAC ¶11).  Plaintiff did not hear back from CSLP and she did not make her September 1995 payment.  Over the next two years Plaintiff had "numerous telephone conversations with various representatives from CSLP and other collection agencies assigned to collect on the loans." (FAC ¶13). "[N]othing was ever done to investigate Plaintiff's claims and no accounting of the payment history for the loans in question was ever provided."  Id.

From 1998 through about August 2004 Plaintiff allegedly made continued attempts to resolve outstanding issues concerning her student loans.  (FAC ¶¶14-17). In August 2004, Plaintiff's counsel at that time contacted Pioneer Credit Recovery, the

collection agency then attempting to collect on the loans. (FAC ¶17). Plaintiff alleges that she reached an agreement with Pioneer Credit Recovery to enter into a repayment program whereby all accrued interest and penalties were waived and permitting her to pay $100 per month on the outstanding balance. (FAC ¶18). Plaintiff alleges that she never received the promised written agreement from Pioneer Credit Recovery. Id.

Recently, Plaintiff alleges that "Defendants have effected a wage garnishment at Plaintiff's place of employment." (FAC ¶19). Plaintiff has allegedly attempted to contact Federal Defendants on numerous occasions to obtain an accounting. Id. Defendants have not responded to those requests. Id.

On October 11, 2008 Federal Defendants provided Plaintiff with a Notice of Propose Wage Garnishment. (Faatalale Decl. ¶25). On December 2, 2009 Plaintiff's counsel responded to the notice and requested a hearing. (Id. ¶¶26, 27). On the same date, Plaintiff spoke with representatives of the Federal Defendants and was informed about the timetable for receiving information about prior payments. (Id. ¶27, 28).

On December 11, 2008 the Secretary received a request from Plaintiff for a telephonic hearing. On or about January 5, 2009 Plaintiff submitted documentation to ED's Federal Student Aid personnel. (Id. ¶34). Federal Defendants represent that Plaintiff will obtain an administrative hearing within 60days of the December 8, 2008 request for a hearing. (Fataalale Decl. ¶33).

On January 16, 2009, Plaintiff moved for a temporary restraining order ("TRO") to enjoin the United States from garnishing a portion of her wages. On February 13, 2009 the parties jointly moved to dismiss the motion for a TRO as moot because the parties resolved the issues of wage garnishment.

## DISCUSSION

The Rule 12(b)(1) Motion

The United States moves to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The parties are in agreement that, to the extent subject matter jurisdiction exists in the present case, such jurisdiction arises under the

Little Tucker Act, 28 U.S.C. §1346(a)(2), or the Higher Education Act ("HEA"), 20 U.S.C. §1082.

### Subject Matter Jurisdiction Under The Little Tucker Act

The Little Tucker Act waives sovereign immunity and provides district courts with original jurisdiction to exercise subject matter jurisdiction over contract claims against the government in an amount up to $10,000. 28 U.S.C. §1346(a)(2). In order to bring a claim under the Little Tucker Act, "the claim must be for monetary relief; it cannot be for equitable relief, except in very limited circumstances." Gonzales & Gonzales v. Dept. of Homeland Sec., 490 F.3d 940, 943 (9th Cir. 2007). What characterizes a claim for "monetary relief" is not necessarily a straight-forward analysis.

The classic Tucker Act breach of contract claim arises where a party seeks "to obtain compensation by the Federal Government for damage sustained." Doe v. United States, 372 F.3d 1308, 1312 (Fed.Cir. 2004) (quoting Eastport S.S. Corp. v. United States, 178 Ct.Cl. 599, 372 F.2d 1002, 1010 (1967)). Even if characterized as a declaration of rights or an injunction, such a claim constitutes a claim for monetary relief for purposes of the Little Tucker Act where, in essence, a party "is seeking a refund of money that it claims was wrongfully paid to the federal government" Gonzales, 490 F.3d at 944-45 (quoting Brazos Electric Power Cooperative v. United States, 144 F.3d 784, 787 (Fed.Cir. 1998)). Whether monies are received directly from the Government or credited as an offset are irrelevant. "Either way [a party] would be receiving monetary damages from the public fisc of the United States which is the touchstone of Tucker Act jurisdiction." Id.

In Gonzales, the government claimed that the plaintiff had breached 200 immigration bonds and plaintiff claimed that the United States "breached its contractual obligations by refusing to cancel those same bonds." Id. at 942. The district court concluded that the alleged breach of the immigration bonds rendered plaintiff indebted to the Government. Id. at 943. Finding that the amount of the bonds exceed the Little Tucker Act's $10,000 jurisdictional maximum, it transferred the action to the Court of

Federal Claims.  The Federal Circuit reversed, finding that the district court erred in transferring the action because the court lacked subject matter jurisdiction.  "[T]here is a substantive difference between a plaintiff seeking the return of money it already paid the government and a plaintiff never having to pay the government in the first place. Simply stated, if the plaintiff in the second scenario prevails, he would not 'be receiving monetary damages from the public fisc of the United States.'"  Id. at 945.  The court held that the plaintiff's claim for debt cancellation was "not one for monetary damages."

Here, Plaintiff's first claim for breach of contract fails because there is no possibility of receiving monetary damages from the public fisc as there is an outstanding balance on the loans.  The principal amount of the loans total $6,658. (Valentino Decl. ¶3).  While the parties dispute whether the Government properly credited Plaintiff's payments during the period of June 1990 through January 1995, (Valentino Decl. ¶¶21-32; Faatalale Decl. ¶¶20-24), the undisputed evidence demonstrates that Plaintiff has an outstanding balance on her student loans.  The evidence submitted by the Government demonstrates that it has received total payments, or refunds, in the total amount of $3,000.14, with an outstanding balance, including principal and interest, as of January 23, 2009 in the amount of $14,084.83, not including collection agency fees. (Fataalale Decl. ¶38).  Plaintiff represents that she was wrongly placed on default on August 8, 1995, in that she had made payments in the approximate amount of $890 that were not credited to her account.  (Valentino Decl. ¶21; Exh. G).

Whether Plaintiff was wrongly placed in default in 1995, or whether interest payments were properly calculated is not an issue to be resolved by this court.  This court's inquiry under the Little Tucker Act is whether Plaintiff's claims will result in the receipt of money damages "from the public fisc of the United States" either directly or indirectly by an offset.  Gonzales, 490 F.3d at 495.  Here, there is no dispute that Plaintiff has not made any payments on the loans since 1996 and that there is a

1   substantial balance on the outstanding loans.  (Fataalale Decl. ¶¶17-19).  Plaintiff's

2   declaration that "it is impossible to know with unequivocal certainty what I have paid

3   on my two loans and what is still owed, if anything," (Valentino Decl. ¶32), is

4   insufficient to raise a credible claim that the United States treasury may be tapped to

5   pay Plaintiff monetary damages.  To the contrary, the record demonstrates that Plaintiff

6   still owes substantial amounts on the loans and that the treasury will be the net

7   beneficiary upon receipt of outstanding principal and interest payments.  Plaintiff

8   simply fails to identify any circumstances under which she will obtain monies from the

9   public fisc.

10       In sum, the court concludes that it lacks subject matter jurisdiction under the

11   Little Tucker Act to entertain the breach of contract claim or the causes of action for an

12   accounting, declaratory relief, or injunctive relief.[1]

13                    **Subject Matter Jurisdiction Under The Higher Education Act**

14       Plaintiff contends the Secretary subjected itself to the jurisdiction of this Court

15   pursuant to 20 U.S.C. § 1082(a)(2), which states:

16       In the performance of, and with respect to, the functions, powers and
         duties, vested in him by this part, the Secretary may-
17
18       (2) sue and be sued in any court of record of a State having general
         jurisdiction or in any district court of the United States, and such district
19       courts shall have jurisdiction of civil actions arising under this part
         without regard to the amount in controversy, and action instituted under
20       this subsection by or against the Secretary shall survive notwithstanding
         any change in the person occupying the office of Secretary or any vacancy
21       in that office; but no attachment, injunction, garnishment, or other similar
         process, mesne or final, shall be issued against the Secretary or property
22       under the Secretary's control and nothing herein shall be construed to
         except litigation arising out of activities under this part from the
23       application of sections 509, 517, 547, and 2679 of Title 28;

24   20 U.S.C. § 1082(a)(2).  Section 1082(a)(2) of the HEA allows the Secretary of

25   Education to "sue and be sued" with respect to the performance of duties under "this

26   part" of the Act. 20 U.S.C. § 1082(a)(2). This waiver expressly does not extend to

27   _____

28       [1] While the court dismisses the Little Tucker Act claim for lack of subject matter jurisdiction,
     the court notes that Plaintiff may have a claim to obtain pertinent records under the Administrative
     Procedures Act.  However, Plaintiff does not assert a claim for such relief.

09cv0006

injunctive relief, as § 1082(a)(2) prohibits injunctions against the Secretary except where he exercises powers that are clearly outside his statutory authority.  Id.  A "sue and be sued" clause also does not trump the general rule that federal agencies cannot be sued in a damages action alleging constitutional violations.  F.D.I.C. v. Meyer, 510 U.S. 471, 484-86 (1994).

Plaintiff specifically alleges that her third cause of action for an accounting is appropriate under the 20 U.S.C. §1095a(2), (FAC ¶26), and argues in her opposition that her claims for declaratory relief and breach of contract are also properly brought under the HEA as well.[2]  (Oppo. at p. 10).  "[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." Lane v. Pena, 518 U.S. 187, 192 (1996); Dolan v. U.S. Postal Service, 546 U.S. 481 (2006).  In demonstrating a waiver of sovereign immunity, Plaintiff, as the party asserting federal jurisdiction has the burden to establish jurisdiction.  Daimler Chrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006).

Here, the "sue and be sued" clause at issue is limited and permits the Secretary to sue and be sued in district courts for "civil actions arising under this part." 20 U.S.C. §1082(a)(2).  Plaintiff, as the party with the burden to demonstrate federal jurisdiction, fails to identify the applicable provision of §1082 that authorizes an accounting, breach of contact, or declaratory relief claim.  A conclusory allegation of subject matter jurisdiction without any reference to a federal statute authorizing the exercise of such jurisdiction, constitutes a failure to establish jurisdiction.  Daimler Chrysler, 547 U.S. at 342.  Even if Plaintiff could maintain a breach of contract claim under §1082(a)(2), such a claim necessarily fails as the waiver of sovereign immunity does not permit claims for monetary relief from the U.S. Treasury, only claims for funds under the control of the Secretary; and for the above stated reasons, any funds would derive from the Treasury.  See Presidential Gardens Assoc. v. United States ex rel. Sec'y of Housing

---

[2] For purposes of this part of the analysis, the court treats Plaintiff's claim as one arising under 20 U.S.C. §1082(a)(2).

1    and Urban Dev., 175 F.3d 132, 141 (2d Cir. 1999).  Accordingly, Plaintiff fails to meet

2    its burden and the court dismisses the action for failure to establish subject matter

3    jurisdiction under §1082(a)(2).[3]

4                    **Exhaustion of Administrative Remedies**

5            Plaintiff also asserts that she is entitled to a hearing and an accounting re: wage

6    garnishment pursuant to 20 U.S.C. §1095a(2).  (FAC ¶26).  As that section does not

7    exist, the court assumes that Plaintiff means §1095a(a)(3) ("the individual [subject to

8    wage garnishment] shall be provided an opportunity to inspect and copy records,

9    relating to the debt;").  From the parties' submission, it appears undisputed that Plaintiff

10   requested a hearing in December 8, 2008 and has yet to receive a hearing.[4]  (Fataalale

11   Decl. ¶¶26-34; Valentino ¶¶5-19, 33).

12           Here, the record reveals that the parties have resolved, in large part, the issue of

13   wage garnishment.  (Docket Nos. 21, 21).  If so, there does not appear to be any issue

14   presently arising under §1095a(a)(3). In the absence of a wage garnishment dispute, this

15   issue does not appear ripe for adjudication. Further, it appears that Plaintiff may have

16   available administrative remedies that must be exhausted prior to seeking relief from

17   the court.  As the record is not clear on the issue of whether Plaintiff has been afforded

18   _____

19           [3] While section 1082(f) authorizes the Secretary to audit and obtain access to records of any
     guaranty agency or lender, it is unclear whether this section would permit Plaintiff to maintain a claim

20   against the Secretary under the "sue or be sued" clause.  The court notes that §1082 is a lengthy and
     complex statute with numerous subparts that may, or may not be of assistance to Plaintiff.  However,

21   it is not the role of the court to analyze the statute and make the arguments for the parties.  The court
     further notes that there is no doubt the "sue and be sued" clause of the HEA authorizes district courts

22   to entertain certain claims against the Secretary.  In Bartels v. Alabama Commercial College, 54 F.3d
     702 (11th Cir. 1995) the Eleventh Circuit held that the "sue and be sued" clause of the HEA "through

23   its specific mention of the federal courts, constitutes a separate and independent jurisdictional grant."
     Id. at 707.  The plaintiffs there alleged that the Alabama Commercial College fraudulently induced

24   them to enroll in the school and to enter into federally guaranteed student loan contracts.  On appeal,
     the Secretary agreed that subject matter jurisdiction was proper "because the case involves the

25   Secretary's administration of the GSL program (Guaranteed Student Loan Program). Id. at 707. Here,
     unlike the position taken by the Secretary in Bartels, the Secretary argues that the court lacks

26   jurisdiction over Plaintiff's claims.

27           [4] The court notes that the Secretary argues that the request for a hearing is untimely because
     it provided Plaintiff with a Notice of Wage Garnishment on October 11, 2008.  Plaintiff argues that

28   her request for a hearing on December 8, 2008 was timely because she never received the October 11,
     2008 Notice.

1   an opportunity to inspect and copy pertinent records, or whether the Administrative

2   Procedures Act may afford Plaintiff some relief on her accounting claim, the court

3   grants Plaintiff 15 days leave to amend from the date of entry of this order.

4          In sum, the court determines that it presently lacks subject matter jurisdiction

5   under the Little Tucker Act and HEA to entertain Plaintiff's claims.  The court also

6   grants Plaintiff l5 days leave to amend.

7          **IT IS SO ORDERED.**

8   DATED:  September 16, 2009

9                                                    _____

10                                                   Hon. Jeffrey T. Miller
                                                     United States District Judge

11  cc:            All parties

- 9 -

09cv0006